1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT
9            SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  MALIBU MEDIA, LLC, | Case No.:  16-cv-0429-JAH-MDD |
| 12                      Plaintiff, | |
| 13  v. | **ORDER DENYING MOTION FOR EARLY DISCOVERY** |
| 14  JOHN DOE - 66.27.82.184, | |
| 15                      Defendant. | **[ECF NO. 4]** |

16

17        Before the Court is Plaintiff's *Ex Parte* Motion for Leave to Serve a

18  Third Party Subpoena Prior to a Rule 26(f) Conference filed on March 18,

19  2016.  (ECF No. 4).  No Defendant has been named or served.  For the

20  reasons discussed below, Plaintiff's Motion is **DENIED**.

21  **I.  PROCEDURAL HISTORY**

22        On February 18, 2016, Plaintiff filed a Complaint against "John Doe,"

23  allegedly a subscriber of Time Warner Cable assigned IP address

24  66.27.82.184 ("Defendant").  (ECF No. 1).  Plaintiff alleges direct copyright

25  infringement against Defendant.  Plaintiff asserts that it is the registered

26  copyright holder of certain copyrighted works alleged to have been infringed

by Defendant.  Plaintiff contends Defendant used the BitTorrent file distribution network to copy and distribute Plaintiff's copyrighted works through the Internet without Plaintiff's permission.  (*Id.*)

Plaintiff seeks leave to conduct early discovery to learn the identity of the subscriber of the subject Internet Protocol ("IP") address from the Internet Service Provider ("ISP") who leased that IP address to its subscriber during the relevant period.  Specifically, Plaintiff seeks an order permitting it to serve a third party subpoena, pursuant to Fed. R. Civ. P. 45, on Time Warner Cable requiring the ISP to supply the name and address of its subscriber to Plaintiff.

## II. LEGAL STANDARD

Formal discovery generally is not permitted without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f).  Fed. R. Civ. P. 26(d)(1).  "[H]owever, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant."  *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).  Requests for early or expedited discovery are granted upon a showing by the moving party of good cause.  *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery").

"The Ninth Circuit has held that when the defendants' identities are unknown at the time the complaint is filed, courts may grant plaintiffs leave to take early discovery to determine the defendants' identities 'unless

it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *808 Holdings, LLC v. Collective of December 29, 2011 Sharing Hash*, No. 12-cv-0186 MMA (RBB), 2012 WL 1648838, *3 (S.D. Cal. May 4, 2012) (quoting *Gillespie*, 629 F.2d at 642). "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." *Columbia Ins.*, 185 F.R.D. at 578 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).

District courts apply a three-factor test when considering motions for early discovery to identify Doe defendants. *Id.* at 578-80. First, "the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Id.* at 578. Second, the plaintiff "should identify all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant. *Id.* at 579. Third, the "plaintiff should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Id.* (citing *Gillespie*, 629 F.2d at 642). Further "the plaintiff should file a request for discovery with the Court, along with a statement of reasons justifying the specific discovery requested as well as identification of a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." *Id.* at 580.

# III. ANALYSIS

## A. <u>Identification of Missing Party with Sufficient Specificity</u>

Plaintiff must identify Defendant with enough specificity to enable the Court to determine that Defendant is a real person or entity who would be subject to the jurisdiction of this Court. *Columbia Ins.*, 185 F.R.D. at 578. This Court has previously determined that "a plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, **and by using 'geolocation technology' to trace the IP addresses to a physical point of origin**." *808 Holdings*, 2012 WL 1648838, at *4 (emphasis added)(quoting *OpenMind Solutions, Inc. v. Does 1-39*, No. C-11-3311 MEJ, 2011 WL 4715200 (N.D. Cal. Oct. 7, 2011); *Pink Lotus Entm't, LLC v. Does 1-46*, No. C-11-02263 HRL, 2011 WL 2470986 (N.D. Cal. June 21, 2011)).

Regarding venue, the Complaint alleges:

6. Plaintiff used proven IP address geolocation technology which has consistently worked in similar cases to ensure that the Defendant's acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District, and therefore this Court has personal jurisdiction over the Defendant because (i) Defendant committed the tortious conduct alleged in this Complaint in this State, and (ii) Defendant resides in this State and/or (iii) Defendant has engaged in substantial and not isolated business activity in this State.

7. Based upon experience filing over 1,000 cases the geolocation technology used by Plaintiff has proven to be accurate to the District level in over 99% of the cases.

(ECF No. 1 ¶¶6-7).   Attached as Exhibit A to the Complaint is a chart

reflecting the IP address alleged to be involved in the illegal downloads, the identity of the infringed works, the date and time of the downloads and a reference to the ISP (Time Warner Cable) and location (San Diego, CA). (ECF No. 1-2).

In its Memorandum of Points and Authorities filed in support of this Motion, Plaintiff again asserts that it employed geolocation technology to trace the physical address of the offending IP address within this jurisdiction.  Plaintiff adds the name of the software employed but provides no support for its assertions, referring back to Exhibit A of the Complaint. (ECF No. 4-1 *20).   Plaintiff supports its Motion with various declarations, none of which address geolocation.  The Declaration of Daniel Susac, identified as an employee of a company that provides forensic investigation services to copyright holders, supports the allegations that the allegedly offending IP address was involved in illegal downloads of the specified content at the dates and times indicated.   (ECF No. 4-3).  It says nothing, however, regarding the tracing of the offending IP address to a particular ISP nor to a particular geographic location.  Plaintiff also supplied the Declaration of Patrick Paige, a computer forensic examiner.  (ECF No. 4-4). Mr. Paige also does not opine regarding the tracing of the IP address to a particular ISP nor to a particular geographic location.

The Court will take judicial notice, *sua sponte,* that the registered owner of a given IP address can be discovered using publicly available search engines such as arin.net.  Although it would have been better for Plaintiff to identify, in a declaration, how it connected the offending IP address to an ISP, the Court will accept that Time Warner Cable owns the IP address in question and leased it to a subscriber.  The Court cannot,

however, fill in the missing blanks regarding geolocation of the subscriber. The mere allegation that the IP address likely tracks to a physical address in this District is insufficient. *808 Holdings*, 2012 WL 1648838, at *4. The allegation should have been addressed in a declaration.

There also is the question, to which Plaintiff provides no answer, regarding when the geolocation effort was performed. It is most likely that the subscriber is a residential user and the IP address assigned by ISP is "dynamic."[1] Consequently, it matters when the geolocation was performed. In the context of dynamic IP addresses, "a person using [an IP] address one month may not have been the same person using it the next." *State of Connecticut v. Shields,* No. CR06352303, 2007 WL 1828875 *6 (Conn. Sup. Ct. June 7, 2007). If performed in temporal proximity to the offending downloads, the geolocation may be probative of the physical location of the subscriber. If not, less so, potentially to the point of irrelevance. Plaintiff should have provided the information regarding when the geolocation occurred, or that the IP address is static, in support of this motion.

Plaintiff should have supported its motion with a declaration providing information regarding: 1) Tracing the subject IP address to a particular ISP; 2) Geolocating the subject IP within the jurisdiction of this Court; and 3) The timing of the geolocation if the IP address is dynamic.

_____

[1] "Static IP addresses are addresses which remain set for a specific user. . . . Dynamic IP addresses are randomly assigned to internet users and change frequently. . . . Consequently, for dynamic IP addresses, a single IP address may be re-assigned to many different computers in a short period of time." *Call of the Wild Movie, LLC v. Does,* 770 F. Supp. 2d 332, 356-57 (D. D.C. 2011)(citations omitted).

Although the Court has given Plaintiff a pass on how the ISP was identified, the failure of the motion to provide any evidence, in the form of declarations, that the subscriber of the subject IP address at the time of the alleged unlawful downloads was likely located within the jurisdiction of the Court is fatal.  Accordingly, the motion must be denied.  As a consequence of this ruling, the Court will not address the remaining factors at this time.

**IV. CONCLUSION**

      For the reasons set forth above, Plaintiff's *Ex Parte* Motion for Early Discovery is **DENIED without prejudice.**

      **IT IS SO ORDERED.**

Dated:   April 26, 2016

Hon. Mitchell D. Dembin
United States Magistrate Judge

7

16-cv-0429-JAH-MDD